# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| YURIY YUDIN,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH,<br><br>    Defendant. | MEMORANDUM DECISION & ORDER<br><br>Case No: 2:13-cv-01063<br><br>District Court Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead<br>(Settlement) |

## I. BACKGROUND

On November 27, 2013, Plaintiff Yuriy Yudin ("Yudin") filed his *pro se* complaint against Defendant University of Utah ("University") alleging sexual harassment and violations of the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1983 and §1984, and the Occupational Safety and Health Act of 1970 (doc. 1).

On February 25, 2014, attorney Mark S. Schwarz ("Schwarz") entered a limited Notice of Appearance on behalf of Yudin for purposes of appearing at a Court ordered settlement conference between Yudin and the University (doc. 19). During the March 5, 2014, conference, the parties agreed to re-convene at a later date in order to allow Yudin, with the assistance of counsel, to file an Amended Complaint (doc. 20).

Consistent therewith, on May 19, 2014, Yudin filed his currently pending "Motion For Leave To Amend Complaint" seeking to affect two general changes to his original *pro se*

pleading: (1) removing and or changing claims against the University; and (2)including claims against newly added employee defendants.

## II. ANALYSIS

### 1. University Defendant

Yudin's Amended Complaint seeks to remove the §1983 claims and to "disaggregate" the remaining claims against the University. (doc. 25, p. 2, doc. 25-2).

Pursuant to Federal Rule of Civil Procedure 15, a party may amend its pleading with the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). Here, the University consents to Yudin's amendment and accordingly amendment is granted (doc. 25-1, doc. 28).[1]

### 2. Employee Defendants

Yudin's Amended Complaint seeks to add new individual defendants who were not previously named in the original complaint (doc. 25). Specifically, Yudin's amended pleading alleges causes of action for violations of Title VII, 42 U.S.C. §1983 and § 1985 and the ADA, against University employees Richard Tison, Scott Fullmer, David Quinlivan, and Brian Nicolls (collectively "Employee Defendants") both individually and in their official capacities. Id.[2]

---

[1] In a May 19, 2014, email correspondence between University counsel Yvette Donosso ("Donosso") and Mr. Schwarz, Ms. Donosso indicated that, "I only represent the University, and thus can only consent on its behalf" (doc. 25-1). Accordingly, the University's consent to amendment, pursuant to rule 15(a)(2), does not extend to the individual employee defendants. Yudin notes, however, that the State is required by statute to defend and indemnify employees, and that University has not filed an official opposition to Yudin's amendment seeking the inclusion of employee defendants (doc. 29); See Utah Code Ann. §63G-7-902.

[2] The Amended Complaint does not allege all of the stated causes of action against each of the Employee Defendants (doc. 25-2). Specifically, a violation of the ADA for discrimination

Pursuant to Federal Rule of Civil Procedure 15, the court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P 15(a)(2); *see also Foman v Davis*, 371 U.S. 178, 182 (1962) (stating that the mandate of rule 15(a) "is to be heeded" and that "[i]n the absence of any apparent or declared reason. . . the leave sought should, as the rules require, be 'freely given.'" (quoting Fed. R. Civ. P. 15(a)). As noted by the Tenth Circuit, rule 15 is intended "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citations omitted).

It is within the sound discretion of the trial court to grant a party's leave to amend, and a court's decision to "[r]efus[e] leave [ ] is generally only justified upon a showing of undue delay,

---

and retaliation is alleged against Employee Defendants Tison, Quinlivan and Nicholls in their official capacities (first and second causes of action), a violation of the ADA for interference/coercion is alleged against Employee Defendant Nicholls in his official capacity (third cause of action), a violation of the ADA for failure to accommodate is alleged against Employee Defendant Nicholls in his official capacity (fourth cause of action), a violation of Title VII for disparate treatment is alleged against Employee Defendants Fullmer, Tison, Quinlivan and Nicholls in their official capacities (fifth cause of action), a violation of Title VII for hostile work environment is alleged against Employee Defendants Fullmer, Tison and Quinlivan in their official capacities (sixth cause of action), a violation of Title VII for retaliation is alleged against Employee Defendants Fullmer, Tison ,Quinlivan and Nicholls in their official capacities (seventh cause of action), an equal protection violation of the Fourteenth Amendment pursuant to 42 U.S.C. §1983 is alleged against Employee Defendants Fullmer, Tison, Quinlivan and Nicholls individually (eighth cause of action), a claim for conspiracy to deprive equal protection under the Fourteenth Amendment on the basis of national origin pursuant to 42 U.S.C. §1985(3) is alleged against Employee Defendants Tison and Quinlivan in their individual capacities (ninth cause of action), a violation of Fourteenth Amendment due process pursuant to 42 U.S.C. §1983 OSHA violations is alleged against Fullmer, Tison and Quinlivan individually (tenth cause of action), and a substantive due process violation pursuant to 42 U.S.C. §1983 is alleged against Fullmer, Tison and Quinlivan individually (eleventh cause of action) (doc. 25-2).

bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment." *Castleglen Inc. v. Resolution Trust Corp.,* 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman* 371 U.S. at 182)).

In considering Yudin's amendments related to the Employee Defendants, the Court examines the relevant factors of undue delay, bad faith, dilatory motive, undue prejudice and futility of amendment.

### A. Undue Delay, Bad Faith and Dilatory Motive

Upon review, the Court finds that Yudin's amendment is not brought with any undue delay, bad faith or dilatory motive. Instead, the proposed amendments stem from Yudin's retention of legal counsel. With the assistance of counsel, Yudin's Amended Complaint clarifies the underlying facts and legal issues thereby ultimately facilitating a more efficient litigation process.

### B. Undue Prejudice

The Tenth Circuit has determined that the "most important [ ] factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." *Minter* 451 F.3d at 1207. Courts "typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment'" *Id.* (citing *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir. 1971)). While a certain degree of prejudice is inherent in the addition of new parties to an action, courts generally find the prejudice to only be "undue" when the amendment seeks to add claims that "arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter,* 451 F.3d at 1208.

4

Upon review, the Court concludes that Yudin's amendments do not expose the Employee Defendants to undue prejudice. Instead, the claims set forth in the Amended Complaint stem from the same facts, events and authorities as those stated in Yudin's original *pro se* complaint. While the Amended Complaint contains more detail, such detail serves to properly frame and clarify the relevant legal issues.

### C. Futility of Amendment and Statute of Limitations

If an amended claim is barred under the relevant statute of limitations period, then amendment would be futile and must be denied. Accordingly, as to the Employee Defendants, the Court considers the relevant limitations periods for Yudin's amended claims.

#### i) 42 U.S.C. §1983 and 42 U.S.C. §1985 Claims

The law of the forum state determines the relevant statute of limitations period that is applicable to cases brought under §1983 and §1985. *See Fratus v. DeLand,* 49 F.3d 673, 675 (10th Cir. 1995) (citing *Bd. Of Regents v. Tomanio,* 446 U.S. 478, 100 S. Ct. 1790, 64 L.Ed. 2d 440 (1980)); *see also Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) ("[T]he forum state's personal injury [statute of limitations] should be applied to all §1983 claims."). In Utah, the "four year residual statute of limitations. . .governs suits brought under section 1983." *Brock v. Herbert,* 435 Fed. Appx. 759, 762 (10th Cir. 2011) (quoting *Fratus,* 49 F.3d at 675); *see Wallace v. Grey,* 2008 U.S. Dist. LEXIS 116380 *16, 2:08-cv-311-TS-PMW (Nov. 20, 2008) ("[t]he applicable statute of limitations for Plaintiff's claims under §§ 1983 and 1985 is Utah's four-year residual statute of limitations contained in Utah Code § 78B-2-307(3).") .

5

Here, because the relevant events took place from January 2012 to March 2012, the four limitations period has not run on Yudin's §1983 and §1985 claims against the Employee Defendants.

### ii) Title VII and ADA Claims

With regard to Yudin's Title VII and ADA claims, the issue of futility is slightly more complicated since Yudin admits that the statute of limitations as to these causes of action has run. In support of amendment, however, Yudin argues that the limitations period is not an impediment since his claims "relate back" to the operative complaint (doc. 25).

Pursuant to Federal Rule of Civil Procedure 15(c)(1), if the applicable statute of limitations has run, an amended pleading may "relate back" to the original complaint when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out– or attempted to be set out—in the original pleading; or

(C) the amendment changes the party of the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have know that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(A-D). The purpose of the relation back doctrine is "to balance the interest of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes

on their merits." *Krupski v Costa Crociere S.p.A.,* 560 U.S. 538, 550, 130 S. Ct. 2485, 177 L.Ed. 2d 48 (2010); *See e.g.* Advisory Committee's 1996 Notes 122*;* 3 Moore's Federal Practice §§ 15.02[1], 15.19[3][a] (3d ed. 2009)*.*

Under the plain language of the statute, rule 15(c)(1)(B) applies to an amendment that asserts a new claim or defense, while rule 15(c)(1)(C) applies to an amendment that changes a party or the name of a party. *See Gorsuch, Ltd. v. Wells Fargo Nat;l Bank Sass'n*, 2013 U.S. Dist. LEXIS 174681 *22; 11-cv-00970-PAB-MEH (Sept. 16, 2013). Both provisions are applicable here.

First, pursuant to 15(c)(1)(B), as long as a "factual nexus" exists between the original and the amended complaint, the amended claims should be liberally construed to relate back to the original complaint. *Id.* at *23 (citing *Benton v Bd. Of Cnty. Comm'rs,* 2007 U.S. Dist LEXIS 84157, 06-cv-01406-PSF (D. Colo. Nov. 14, 2007), *aff'd* 303 F.App'x 625 (10th Cir. 2008) (unpublished) (quoting *Grattan v Burnett,* 210 F.2d 160, 163 (4th Cir. 1983)). Generally, "amendments will relate back if they amplify the facts previously alleged, correct a technical defect in the prior complaint, assert a new legal theory of relief or add another claim arising out of the same facts." *Benton,* 2007 U.S. Dist. LEXIS 84157 (quoting *Kidwell v. Bd. of Cnty. Comm'rs of Shawnee Cnty.*, 40 F. Supp. 2d 1201, 1217 (D. Kan. 1998), *aff'd*, 189 F.3d 478 (10th Cir.), *cert denied,* 528 U.S. 1064, 120 S,Ct. 620, 145 L.Ed. 2d 514 (1999)). Here, Yudin's Title VII and ADA claims against the Employee Defendants arise from the same facts, dates, occurrences and conduct as set forth in the original pleading. Yudin's proposed amendments clarify and detail the same events originally set forth, or attempted to be set forth, by Mr. Yudin

7

in his *pro se* pleadings, and involve Yudin's employment with the same Department, the same supervisors, and the same actions and statements made on the same dates as originally alleged.³ Accordingly, given the strong factual nexus, the Court concludes that Yudin's claims from the Amended Complaint relate back to the original complaint.

Next, because the Court has found that rule 15(c)(1)(B) is satisfied as to the addition of new claims, the Court must also determine whether within rule 4(m)'s one hundred twenty (120) day period for service after a complaint is filed, the new Employee Defendants, consistent with rule 15(c)(1)(C): "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(b)(1)(C). Here, Yudin persuasively argues that given the context of this dispute, the Employee Defendants share an "identity of interest" with the University that "justif[ies the] application of the relation-back protections of Rule 15(c)(1)(C)". *See Benson v University of Maine System,* 857 F. Supp.2d 171 (D. Me. 2012) (finding sufficient identity of interest between the University and its Chancellor to justify relation back); *Lynch v. Massachusetts State Senate*, 495 F. Supp 2d 175, 177 (D. Mass. 2007) (citing *Young v Lepone*, 305 F. 3d 1, 15 (1st Cir. 2002) (internal citations

---

³*Compare*, ¶ 31 of the original complaint "[Yudin] reported to Mr. Nichols [sic] conditions of severe discriminations [sic], asked for disability accommodation and hazardous conditions of my work." *with* ¶ 96 of the amended complaint, "Yudin informed Nicholls of the discriminatory terms and conditions of his work and of the hostile environment due to his national origin." *Compare,* ¶32 of the original complaint alleging that Nicholls "intimidated me that in case of my disability [sic] I would lose my job any way [sic]." *with* ¶ 113 "Nicholls told Yudin that by seeking accommodation through Nicholls, his supervisor could declare Yudin unfit for the job without [the University] attempting reasonable accommodation." (doc. 1, doc. 25-2).

omitted) (defining identity of interest as "parties that are 'so closely related in their business operations or other activities that the institution of action against one serves to provide notice of the litigation to the other.'")). In this case, given the identity of interest and inherent relationship between the University employer and its employees, the Court concludes that the Employee Defendants received sufficient notice of the action and would not be prejudiced in defending against the case.

Moreover, Yudin further persuades the Court that the Employee Defendants knew or should have known that the action would have been brought against them. Specifically, for purposes of this provision, the relation back inquiry "asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing [his] original complaint." *Krupski v Costa Crociere S.p.A.,* 560 U.S. 538, 548 (2010) (Emphasis in original). Here, despite the failure of Yudin to include the employees as parties in his *pro se* pleading, given that they were interviewed and testified at the University's Office of Equal Opportunity investigation, Yudin's University appeal, Utah's Occupational Safety and Health Administration investigation and Utah's Anti-discrimination and Labor Division investigation, and in conjunction with the employees presumable involvement in assisting the University in preparing its answer and defenses, these individuals knew or should have known of the allegations against both them and the University.

## III. ORDER

Accordingly, consistent with the mandate of Federal Rule of Civil Procedure 15 and for the reasons now stated herein, the Court hereby GRANTS Yudin's Motion To Amend the Complaint (doc. 25).

Yudin is hereby instructed to file his Amended Complaint within fourteen (14) days of the date of this Order.

DATED this 12th day of June, 2014.

BY THE COURT:

_____
Dustin B. Pead
United States Magistrate Judge