THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| YURIY YUDIN,<br><br>                    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH, et al.,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO SEAL CASE**<br><br>Case No. 2:13-cv-01063-DN<br><br>District Judge David Nuffer |

Plaintiff filed a motion seeking to seal this case ("Motion") asserting "[t]here is sensitive information in the case regarding Plaintiff's disability and documents that [are] classified as private under Utah Code § 63G-2 Government Record Access Management Act."[1]

Local Rule DUCivR 5-2 governs the sealing of cases. It provides that "[c]ourt records are presumptively open to the public [and] . . . the sealing of civil cases is highly discouraged."[2] Only "[i]n extraordinary circumstances . . . may [a judge] order a case to be sealed by granting a party's motion."[3] And to be sufficient, "[t]he motion must identify the statute, rule, case law, or other basis permitting the court to seal the case."[4]

Additionally, DUCivR 5-3 provides that "[t]he sealing of pleadings, motions, memoranda, exhibits, and other documents or portions thereof (Documents) is highly discouraged."[5] "On motion of a party and a showing of good cause, a judge may order that a

---

[1] Motion to Seal the Docket or Mark Case as Private, docket no. 39, filed Apr. 19, 2023.

[2] DUCivR 5-2(a).

[3] *Id*.

[4] *Id*. at DUCivR 5-2(c)(2).

[5] *Id*. at DUCivR 5-3(a)(1).

Document be sealed."[6] But the motion must "be narrowly tailored to seek protection of only the specific information that the party alleges is truly deserving of protection."[7] The motion must also "state the duration of the seal [and] . . . state the statute, rule, case law, or reason supporting the sealing of the Document."[8]

Plaintiff's Motion fails to identify with specificity the documents and information that Plaintiff believes are sensitive or protected and which would justify sealing the case or portions of the record. Plaintiff's supplemental brief does identify certain allegations within his pleadings and other record documents which he argues are sensitive and protected.[9] But the information within these allegations and documents is not of such a sensitive nature as to require sealing. Such information is commonly included in the public record for this case type. The information has also been in the public record for nearly a decade. And Plaintiff fails to identify applicable legal authority or a sufficient legal basis to justify sealing the case as a whole, or the documents or portions thereof that he identifies.

**ORDER**

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion[10] is DENIED.

Signed May 22, 2023.

BY THE COURT

David Nuffer
United States District Judge

---

[6] *Id*.

[7] *Id*. at DUCivR 5-3(b)(2)(A).

[8] *Id*. at DUCivR 5-3(b)(2)(B), (C).

[9] Supplemental Brief to the Motion to Seal, docket no. 42, filed May 8, 2023.

[10] Docket no. 39, filed Apr. 19, 2023.